RECEIVED
U.S. BANKRUPTCY COURT
JAN - 5 2011
SOUTHERN DISTRICT
WEST VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMMIE EDWARD ADKINS, et al.,

    Plaintiffs,

v.      CIVIL ACTION NO. 2:10-mc-00155

US BANK NATIONAL ASSOCIATION
TRUSTEE FOR MLM1 TRUST SERIES
2006-MLN1,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Withdraw Reference of Adversary Proceeding in bankruptcy [Docket 1], filed by the defendant, U.S. Bank National Association ("U.S. Bank"). For the reasons provided below, the motion is **GRANTED**.

I.   Background

The plaintiffs refinanced their home in 2006. The refinancing was based on what the plaintiffs now contend was an inflated appraisal value of their home. Two years later, the plaintiffs refinanced their home with Wilshire Credit Corporation ("Wilshire"). According to the plaintiffs, these moves left them with an amount of home-secured indebtedness that was well in excess of their home's actual value. The plaintiffs asked for an interest rate reduction, but were refused.

On January 21, 2009, the plaintiffs filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of West Virginia. *See In re Adkins*, 2:09-bk-20052 (Bankr. S.D. W. Va.). Thereafter, on September 3, 2009, the plaintiffs' counsel appeared

before the bankruptcy court for a confirmation hearing and announced that an adversary proceeding would be filed concerning the plaintiffs' home loan. Next, on October 15, 2009, the plaintiffs initiated that adversary proceeding in the bankruptcy court, naming Wilshire as the defendant. *See Adkins v. Wilshire Credit Corp.*, 2:09-ap-2067 (Bankr. S.D. W. Va.).

On December 21, 2009, Wilshire filed a motion to withdraw reference, which this court granted on March 12, 2010. *See* Mem. Op. & Order [Docket 4], *Adkins v. Wilshire Credit Corp.*, 2:09-mc-214 (S.D. W. Va. Mar. 12, 2010); *see also Adkins v. Wilshire Credit Corp.*, 2:10-cv-314 (S.D. W. Va.). In the interim, on January 25, 2010, the plaintiffs filed a Second Amended Complaint in the underlying adversary bankruptcy proceeding. The Second Amended Complaint omitted any mention of Wilshire as a defendant, instead naming U.S. Bank — the current holder of the plaintiffs' home loan — as the defendant. The court subsequently dismissed the two civil cases associated with Wilshire's motion to withdraw reference.

The Second Amended Complaint filed in the adversary proceeding asserts just two claims against U.S. Bank: (1) a claim based on an unconscionable contract; and (2) a claim for fraud. Presently pending before the court is U.S. Bank's motion to withdraw the reference of this adversary proceeding to the bankruptcy court. The plaintiffs have filed a memorandum opposing the motion to withdraw reference. U.S. Bank has replied and the matter is now ripe for review.

**II.   Discussion**

Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), which held that Congress unconstitutionally had assigned adjudicative authority of Article III courts to bankruptcy judges. *Northern Pipeline* held that bankruptcy courts,

as non-Article III courts, did not have the authority to hear claims based upon state-created private rights that were independent of and antecedent to the bankruptcy proceedings and involved parties who were not otherwise involved in the bankruptcy action. *In re Apex Exp. Corp.*, 190 F.3d 624, 631 (4th Cir. 1999) (citing *Northern Pipeline Construction Co.*, 458 U.S. at 84). The Act gives district courts original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code, 28 U.S.C. § 1334(b), but permits district courts to automatically refer bankruptcy cases to non-Article III bankruptcy judges. *Id.* § 157(a). In certain situations, however, withdrawal of the reference is necessary. *Id.* § 157(d). The Act provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

*Id.* The first sentence of the statute allows for permissive withdrawal; the second sentence requires mandatory withdrawal.

U.S. Bank contends that the non-core nature of the plaintiffs' state law claims provides cause for this court to withdraw the reference. In determining whether to exercise my discretion and withdraw the case for cause, I must consider the following factors: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) promoting judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. *In re U.S. Airways Group, Inc.*, 296 B.R. 673, 682 (E.D. Va. 2003).

The most important factor is whether the case presents a core or non-core proceeding, *In re Coe-Truman Techs., Inc.*, 214 B.R. 183, 187 (N.D. Ill.1997), a distinction enacted by Congress after

*Northern Pipeline* "to try and remedy the defects in the bankruptcy system." *In re Apex Exp. Corp.*, 190 F.3d at 631. For a matter to be considered a "core" proceeding, it must "arise under" Title 11 or "arise in" a case in Title 11. 28 U.S.C. § 157(b)(1). Section 157(b)(2) contains a non-exhaustive list of the types of core proceedings. *Id.* § 157(b)(2). As an initial matter, I note that "[s]imply because the proceeding presents questions of state law does not necessarily mean that the proceeding is 'non-core' or otherwise beyond the jurisdiction of the bankruptcy courts." *In re Poplar Run Five Ltd. P'ship*, 192 B.R. 848, 856-57 (Bankr. E.D. Va. 1995). The dispositive issue instead is the centrality of the proceedings to the bankruptcy case. *In re Sys. Eng'g & Energy Mgmt. Assoc., Inc.*, 252 B.R. 635, 642 (Bankr. E.D. Va. 2000).

A civil proceeding *arises under* Title 11 when the cause of action or right is one that is created by the Bankruptcy Code. *See In re Aheong*, 276 B.R. 233, 242-46 (B.A.P. 9th Cir. 2002). "To determine whether a proceeding 'arises under' Title 11, [a court applies] the same test used for deciding whether a civil action presents a federal question under 28 U.S.C. § 1331." *In re Poplar Run Five Ltd. P'ship*, 192 B.R. at 855. Accordingly, a proceeding arises under Title 11 (and therefore is a core proceeding) if "a well-pleaded complaint establishes either that federal [bankruptcy] law creates the cause of action or that the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law." *Id.* (quotation omitted). A civil proceeding *arises in* Title 11 if it "is not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 835 (4th Cir. 2007). Additionally, in determining whether a proceeding is core or non-core, courts have considered whether: (1) the claims are specifically identified as core proceedings under 28 U.S.C. § 157(b)(2); (2) the claims existed prior to the filing of the bankruptcy

case; (3) the claims are based entirely on state law or otherwise existed independently from Title 11; and (4) the parties' rights or obligations are significantly affected by the outcome of the bankruptcy proceedings. *See Caperton v. A.T. Massey Coal Co.*, 270 B.R. 654, 657 (Bankr. S.D. W.Va. 2001); *In re Sys. Eng'g & Energy Mgmt. Assoc., Inc.*, 252 B.R. at 642.

It is clear from the face of the plaintiffs' Second Amended Complaint that they do not allege any cause of action or question under the Bankruptcy Code and thus their claims did not arise under the bankruptcy proceeding. The Second Amended Complaint presents purely state law claims, namely, claims of unconscionable contract and fraud. Moreover, it is also clear that each of the plaintiffs' claims could have been filed if the debtors never filed for bankruptcy and thus did not arise in the bankruptcy. The claims arose in connection with the plaintiffs' home loan agreement, all of the claims are based on state law, and the outcome of the bankruptcy proceeding will not affect the rights of the parties to this civil matter. *See In re Apex Exp. Corp.*, 190 F.3d at 632 (rejecting rationale that an action qualified as a core proceeding because the outcome may affect the bankruptcy estate by increasing its size with a potential money judgment and holding that pre-petition contract claims are not a core proceeding).* Moreover, the Fourth Circuit has held that treating a contract dispute as a core proceeding would create an exception to *Northern Pipeline* that would swallow the rule because any contract action, like the claim at issue in *Northern Pipeline*,

---

* The Fourth Circuit's *In re Apex Express Corp.* opinion squarely forecloses the plaintiffs' chief basis for opposing U.S. Bank's motion to withdraw reference. The plaintiffs maintain that because the home is the central asset in their estate, claims involving that asset are necessarily "core" to the management of the bankruptcy process. According to the Fourth Circuit, however, simply because a claim "will affect the bankruptcy estate (by altering its size)," does not mean that the claim should be considered core. *In re Apex Exp. Corp.*, 190 F.3d at 632. Were that the rule, the Supreme Court's holding in *Northern Pipeline* would be eviscerated, for "any claim involving a potential money judgment would be considered core." *Id.*

could result in a monetary benefit to the estate and thus concern the administration of the bankruptcy estate. *See In re Apex. Exp. Corp.*, 190 F.3d at 632. That reasoning applies equally to a suit for monetary damages like the civil proceeding at issue here.

The plaintiffs contend that the claims at issue fit within the statutory definition of a "core proceeding," because they arise from a claim filed against the bankruptcy estate by U.S. Bank. Section 157(b)(1)(2) specifies that "[c]ore proceedings include" the "allowance or disallowance of claims against the estate," as well as "counterclaims by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(1)(2)(B) – (C). Unfortunately for the plaintiffs, however, this argument does not mesh with the facts, as there is no indication in the record that U.S. Bank ever made a claim against the estate. At the time that the claim was pressed against the estate, Wilshire — the servicer of the home loan — was the only party involved. U.S. Bank was not made a party to the proceedings until later, when the plaintiffs filed their Second Amended Complaint dropping Wilshire as a defendant in favor of U.S. Bank. In short, contrary to the assertion in their opposition memorandum, the plaintiffs have no support in the record for their statement that U.S. Bank, as opposed to Wilshire, made a claim against the estate.

Second, there is no indication that either Wilshire's claim or the plaintiffs' response to that claim remain alive in the bankruptcy proceeding. When the plaintiffs sued Wilshire, they included in their Complaint a count in which they sought to have Wilshire's claim disallowed. When Wilshire filed a memorandum with this Court supporting its motion to withdraw reference, it explained that the count concerning the claim had become moot. The basis of the plaintiffs' claimed disallowance was that Wilshire had failed to file the required documentation in support of its claim. After Wilshire later supplemented its proof of claim to include the required documentation, that

count of the Complaint was rendered moot. When the plaintiffs later filed their Second Amended Complaint against U.S. Bank, they omitted the claim objection count and made no mention of U.S. Bank having made a claim against the estate. Thus, because there is no indication that U.S. Bank made a claim against the estate, I reject the plaintiffs' argument that the Second Amended Complaint presents a core proceeding under 28 U.S.C. § 157(b)(2).

Accordingly, the Second Amended Complaint therefore, presents a non-core proceeding, which weighs heavily in favor of withdrawal. Because it is a non-core proceeding, the bankruptcy court's decision would be subject to *de novo* review in this court pursuant to 28 U.S.C. § 157(c)(1). Consequently, withdrawing the reference would promote judicial economy and more efficiently use the parties' resources. *See In re Coe-Truman Techs., Inc.*, 214 B.R. at 187 (finding that once the court decides the case is a non-core proceeding, the other factors weigh in favor of withdrawal). Withdrawing the reference certainly will not affect the uniform administration of bankruptcy law because the Second Amended Complaint raises issues governed by non-Title 11 law. None of the other factors weigh against withdrawing the reference. Because the factors weigh heavily in favor of withdrawal for cause, I exercise my authority under § 157(d) to withdraw the reference of this case. Defendant U.S. Bank's Motion to Withdraw Reference is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    January 4, 2011

*[signature]*
Joseph R. Goodwin, Chief Judge